DELL, Judge.
Appellant seeks reversal of his conviction and sentence for violation of section 687.-071(3), Florida Statutes (1985). Appellant contends the trial court erred when it admitted a tape recorded conversation that he had with the victim. He claims that even though the victim testified at trial that he consented to the tape recorded statement, the state failed to establish the victim’s prior consent to the recording by competent evidence. We disagree and affirm.
The state charged appellant with two counts of criminal usury, loan sharking, and shylocking. The victim testified that before a meeting with appellant, he agreed to wear a body bug, and that he consented both verbally and in writing to the recording of this conversation. However, the victim also testified that he gave this consent “around the third week of February, fifteenth to twentieth, somewhere in that range.” This testimony placed the date of the consent after the date of the recorded conversation. A special agent of the Florida Department of Law Enforcement (FDLE) testified over appellant’s objection that the victim consented and was wired to intercept the conversation with appellant on February 6th, 1984, the day of the meeting. He also identified a written consent signed by the victim and dated February 6, 1984.
Appellant claimed in the trial court, and claims on appeal, that Tollett v. State, 272 So.2d 490 (Fla.1973) precluded the admission of the tape into evidence. In Tollett, the state introduced a tape recorded conversation between Tollett and a cellmate. The cellmate was not present at trial, and the fact of his consent to the tape recording was furnished by the testimony of a police officer. The supreme court concluded that:
[WJhere wiretaps are made without the advance securance of permission of a magistrate, authentication of the giving of consent to the police to make the wiretap must be established by competent and relevant testimony of a party to *975 the communication, subject to cross-examination by defendant, as a condition precedent to the introduction of the wiretap recording of the communication in evidence against the defendant. We believe that the new language in Section 12 of Article I of the State Constitution to be meaningful requires the safeguards set forth in this opinion.
Id. at 496.
Here the victim, a party to the tape recorded conversation, testified that before his meeting with appellant he consented, both orally and in writing, to wear a body bug and to record his conversation with appellant. The FDLE agent’s testimony established only the date of the victim’s consent, February 6, 1984, and not the fact that he had consented. This evidence, coupled with the evidence that the victim engaged in only one recorded conversation with appellant, requires us to conclude that the victim made a mistake as to the date of his consent. It does not mitigate the clear showing that the victim gave his consent prior to the recorded conversation. We agree with the trial court’s ruling:
I find that Tollett versus State has been fully complied with.
[The FDLE agent] who was a conversant to the tape-recorded conversation testified that prior to the recordation of that tape he had voluntarily consented, in writing and verbally to this witness.
He is mistaken about the date. He is not mistaken about the consent. He is merely mistaken about the date.
Tollett didn’t say that the consenting party must testify and he be accurate about the date. He says that prior to the recordation he must have consented. That is the Tollett objection.
I find that he has proved it, not merely by hearsay testimony but by direct testimony, namely the testimony of Mr. Bart-ley backed up by the State’s Exhibit, the written consent which this officer has testified to.
We hold that the state established by competent evidence that the victim gave prior consent to the recording of his conversation with appellant, and we find no error in the admission of the FDLE agent’s testimony concerning the date of that consent.
AFFIRMED.
HERSEY, C.J., and GLICKSTEIN, J., concur.